## ATLANTIC ACOUSTICAL & INSULATION COMPANY

### v.

### Albert MOREIRA.

Supreme Judicial Court of Maine.

Dec. 14, 1977.

Nisbet, MacNichol & Ludwig by Herbert J. Ludwig (orally), South Portland, for plaintiff.

Walter-E. Foss (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

McKUSICK, Chief Justice.

This case has been here before. Last time, Atlantic Acoustical & Insulation Company (Atlantic) appealed, seeking reversal of the Superior Court's denial of a permanent injunction against defendant Moreira's enforcing payment of a promissory note given him by Atlantic. We denied Atlantic's appeal. *Atlantic Acoustical & Insulation Co. v. Moreira*, Me., 348 A.2d 263 (1975).

This time, Moreira appeals from the Superior Court's denial of his motion to enforce against Atlantic as principal and Cur-

tis H. Lovejoy (Lovejoy) as surety the bond which Atlantic gave to Moreira as a condition for the issuance early in this action of a preliminary injunction against Moreira's enforcing payment of the subject note. We also deny Moreira's appeal.

The pertinent facts appear, at least on first examination, to be complicated. The single legal issue, however, is simple: Did the Superior Court justice commit clear error in finding as a fact that the existence, between April 28, 1972 and May 23, 1973, of the preliminary injunction is not the proximate cause of Moreira's present inability to collect payment from Atlantic of the subject promissory note? Review of the extensive record leads us without hesitation to a negative answer.

The significant facts are best grasped by outlining the steps in the two separate actions which have been going on between the parties over the past several years in regard to the promissory note given to Moreira by Atlantic. Up until April 8, 1971, Moreira and Lovejoy each owned 50% of the stock of Atlantic. On that date, Moreira's entire stock interest was redeemed by the corporation in exchange for $28,000. Moreira received payment in the form of $8,400 cash and a promissory note for $19,600 signed by Atlantic as maker, payable in two installments, one of $10,000 in April 1972 and a second of $9,600 in April 1973. That note was secured by ten shares of Atlantic's capital stock.[1]

*Action No. 1* between the parties has resulted in the present appeal by Moreira, as well as the previous appeal by Atlantic. Action No. 1 was brought in April 1972 by Atlantic seeking a declaratory judgment that Moreira had obtained the note from Atlantic through breach of his fiduciary duty or fraud and seeking an injunction against Moreira's enforcement of the note. After hearing, the Superior Court, on April 28, 1972, issued a preliminary injunction, restraining Moreira from negotiating or collecting the note. That preliminary injunc-

tion was issued only on condition that the plaintiff Atlantic file a bond in the amount of $20,000 with Atlantic as principal and Lovejoy as surety. That bond was promptly filed. The condition of that bond was that Atlantic should "pay any costs or damages which may be incurred by any party who is found to have been wrongfully enjoined or restrained" by the preliminary injunction.

Action No. 1 went forward to hearings, and on May 23, 1973 the Superior Court entered judgment for defendant Moreira, denying the requested permanent injunction and dissolving the preliminary injunction. Plaintiff Atlantic appealed the Superior Court judgment, which appeal was denied by the Law Court on December 2, 1975 in the opinion referred to above, reported in 348 A.2d 263.

Back in Superior Court, in Action No. 1, Moreira, on January 21, 1976, filed a motion to enforce the preliminary injunction bond against the surety Lovejoy as well as against the principal Atlantic. On April 7, 1976, Atlantic, the principal on the bond and the maker of the note held by Moreira, filed a petition in bankruptcy. After hearing, the Superior Court, on December 30, 1976, found that Moreira's "inability to enforce his note and collect the judgment secured on the note was not proximately caused by the issuance of the preliminary injunction." It is the resulting judgment denying Moreira's motion to enforce the preliminary injunction bond that is now before the Law Court on appeal by Moreira.

On his motion to enforce the preliminary injunction bond, Moreira had the burden of proving that the existence of the preliminary injunction in the 13-month period up to May 23, 1973, was the cause of his being now unable to collect payment from Atlantic of the $19,600 note. The court below found against him on this issue and found instead that his difficulties in collecting the note because of the bankruptcy of the principal Atlantic resulted from Mor-

---

1. The ten shares of stock were held in trust by two individuals. The note provided that "in the event of default not cured within thirty (30) days thereafter, upon demand by the holder hereof, the said [persons] shall assign or transfer the stock to the holder of this note."

eira's failure to pursue available remedies during the three-year period while Atlantic was slipping from adequate capacity to pay the note, to and over the brink of bankruptcy. On appeal, those findings of fact made by the Superior Court justice after an evidentiary hearing are tested by the "clearly erroneous" rule. Rule 52(a), M.R.Civ.P.

To understand the evidentiary support of the Superior Court's findings of fact, we need to review what Moreira did in the interval after the dissolution of the preliminary injunction on May 23, 1973 for the purpose of collecting the note, which had become entirely due on April 1, 1973. In June 1973 he did commence *Action No. 2*, his suit against Atlantic on the $19,600 note. For nearly two years thereafter, however, he did nothing to avail himself of available mesne process, such as attachment or trustee process, Rules 4A, 4B, M.R.Civ.P., to obtain out of Atlantic's property security for whatever judgment he might eventually obtain in that suit on the note. In addition, despite the fact that Atlantic's obligation on the promissory note was secured by ten shares of Atlantic stock, the record does not show that Moreira ever demanded transfer of the stock, as provided by the terms of the note. In September 1973, Moreira moved for judgment on the pleadings and damages in his suit on the note, on the theory that the judgment in his favor in Action No. 1 had rejected the only defense which Atlantic had asserted in the second action. After hearing, the Superior Court, on February 25, 1975, denied Moreira's motion for judgment on the pleadings (which the justice treated as one for summary judgment) on the ground that the judgment in his favor in Action No. 1 did not have res judicata effect since that action was then pending on appeal.[2] In denying the summary judgment, however, the Superior Court specifically advised Moreira that the Court imposed "no restraint to proceeding without further delay in the suit on the note." After the Superior Court's February 1975 ruling, Moreira took no action to expedite trial. In April 1975 Moreira did obtain a court order permitting him to attach Atlantic's property in the amount of $20,000. Even then, however, he allowed the attachment order to expire without taking any action under it.[3] Finally, on March 8, 1976, judgment against Atlantic on the note was entered by stipulation. That judgment, however, came on the eve of Atlantic's petition for voluntary bankruptcy, filed April 7, 1976, and Moreira was unable to collect on the note.

Based upon this evidence, the presiding justice found that Moreira's inability to collect upon the note was not proximately caused by the existence of the preliminary injunction in 1972–73, but rather by Moreira's own lack of diligence subsequently. We have reviewed that evidence and we cannot say that his finding was clearly erroneous.

The entry must be:

Appeal denied.

Judgment affirmed.

POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., concur.

DELAHANTY and NICHOLS, JJ., did not sit.

---

**2.** Moreira's argument that the Superior Court erred in denying the summary judgment is, as we see it, without relevance to the question whether his present inability to collect payment from Atlantic resulted from the preliminary injunction that had been dissolved on May 23, 1973. We accordingly do not have to consider the question of the res judicata effect of a judgment during the pendency of an appeal therefrom, a question which this court has not decided and upon which other jurisdictions are divided. *See generally* 1B J. Moore, *Moore's Federal Practice* ¶ 1.416[3] at 2252–54 (2d ed. 1974); 9 A.L.R.2d 984 (1950).

**3.** In his decision denying Moreira's motion to enforce the injunction bond, the Superior Court justice found that "the Defendant's inability to enforce his note and collect from the Plaintiff resulted not from the issuance of the preliminary injunction, but from his failure to diligently proceed with his action to enforce the note." In view of the record, that sentence clearly refers to Moreira's failure to pursue available mesne process, as well as his failure to press for judgment in the action itself.